UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATLANTIC RECORDING
CORPORATION, et al.,

      Plaintiffs,

v.                                                                                     Case No. 07-11191
                                                                                     Hon. Sean F. Cox

PEGGY SNOW,

      Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Application for default judgment. Both parties have briefed the issue. A hearing was held July 19, 2007, Defendant did not appear. For the following reasons, the Court **GRANTS** Plaintiffs' Application for entry of default judgment and enters the proposed default judgment submitted by Plaintiffs.

### I.    BACKGROUND

This action arises out of alleged copyright infringement. Plaintiffs, made up of several record companies, alleges that Defendant, Peggy Snow, infringed several of their copyrights. Specifically, Plaintiffs claim that Defendant downloaded several copyrighted songs through the file sharing website "Kazaa."

On March 20, 2007, Plaintiffs filed a single count Complaint alleging copyright infringement. Plaintiffs allege that "without the permission or consent of Plaintiffs, [Defendant] has used, and continues to use, an online media distribution system to download the Copyrighted

1

Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." [Complaint, ¶16]. Plaintiff attached a list of ten songs Defendant allegedly downloaded. [Complaint, Exhibit A]. Plaintiffs also included a copy of Defendant's music library from Kazaa. [Complaint, Exhibit B]. Defendant did not file an Answer and Plaintiffs received an entry of default on May 2, 2007.

On May 11, 2007, Plaintiffs filed the instant Application for Default Judgement. Plaintiffs seek entry of a judgment in the amount of $7,500.00, which is the minimum statutory damage available pursuant to 17 U.S.C. § 504(c)(1). Plaintiff also seeks costs in the amount of $420.00. Lastly, Plaintiff requests a permanent injunction enjoining Defendant from further infringing Plaintiffs' rights.

On July 16, 2007, Defendant filed an Answer. The Court will construe Defendant's filing as a Motion to set aside default. Therein, Defendant concedes that she downloaded the ten songs listed in Plaintiffs' Exhibit A, but denies she downloaded the music for mass distribution. [Answer, p.1]. Defendant asserts that she downloaded the songs for personal use only. Further, Defendant alleges that "Kazaa" used misleading advertisement in its website, stating that use of the Kazaa program was "fast, safe and free." *Id*.

## II. STANDARD OF REVIEW

"For good cause shown the court may set aside an entry of default..." Fed.R.Civ.P. 55(c). "[T]he district court enjoys considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry." *U.S. v. Real Property and All Furnishings Known as Bridwell's Grocery and Video*, 195 F.3d 819, 820 (6th Cir. 1999). The court considers three factors: (1) whether the plaintiff would be prejudiced; (2) whether the defendant has a

meritorious defense; and (3) whether the culpable conduct of the defendant led to the default. *Id*. The court has a "strong preference for trials on the merits." *Id*. The district court must set aside default where the defendant had a meritorious defense and prejudice would not result to the plaintiff. *O.J. Distributing, Inc. v. Hornell Brewing Company*, 340 F.3d 345, 353 (6th Cir. 2003).

### III. ANALYSIS

#### A. Setting Aside Default

Although Plaintiffs have not had an opportunity to respond to Defendant's "Answer," there is no indication that Plaintiffs would be prejudiced by setting aside default. Additionally, Defendant's failure to respond in this action led to the entry of default. Thus, the only issue is whether Defendant's Answer presents a meritorious defense.

"The Copyright Act gives copyright owners exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work." *Fogerty v. MGM Group Holdings Corporation, Inc.*, 379 F.3d 348, 352 (6th Cir. 2004)(citing 17 U.S.C. § 106). "To the ends of protecting these rights, the Act allows 'the legal or beneficial owner of an exclusive right under a copyright ... to institute an action for any infringement of that particular right.'" *Id*. (citing 17 U.S.C. § 501(b)). A claim of copyright infringement requires proof of: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Id*.

Plaintiffs alleged they were the copyright owners or licensees of the exclusive rights for each of the ten copyrighted songs listed in Plaintiffs' Exhibit A. Defendant does not contend that Plaintiffs are not the copyright owners or beneficial owners of an exclusive right in the ten songs at issue. Moreover, Defendant does not argue that she did not reproduce the copyrighted works.

In her Answer, Defendant states, "I do not dispute downloading songs onto 'MY PERSONAL' Media player for my personnal [sic] use." [Answer, p.1].

The fact that Defendant alleges she only intended to use the downloaded songs for personal use is not a defense to a claim of copyright infringement. In *BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005), the court held that even where a defendant alleges she only downloaded music from Kazaa to try it before buying it, the defendant infringed the plaintiffs' copyright. See also *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001)("Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights"). Defendant is not entitled to set aside the entry of default because she has not presented a meritorious defense, and in fact, has admitted liability.

B.    **Application for Default Judgment**

The remaining issue is whether Plaintiffs are entitled to the default judgment they seek. Plaintiffs contend that they are entitled to a default judgment that includes: 1) monetary damages in the amount of the statutory minimum provided under the Copyright Act; 2) costs in the amount of $420; and 3) injunctive relief.

1.    **Monetary Damages**

Under the Copyright Act, an infringer of copyright is liable for either: 1) the copyright owner's actual damages and any additional profits of the infringer; or 2) "statutory damages as provided under subsection (c)." 17 U.S.C. §504(a). Subsection (c) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work," in "a sum of not less than $750 or more than $30,000 as the court

considers just." 17 U.S.C. §504(c).

Here, Plaintiffs request a judgment of the minimum statutory damages of $750 for each of the ten works identified in the Complaint, for a total of $7,500.00  Plaintiffs are entitled to such statutory damages.

### 2. Costs

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505.

Here, Plaintiffs seek costs of $420.00.  In support of their request, Plaintiffs submit the Declaration of attorney Jason Gourley.  Gourley asserts that Plaintiffs have incurred costs in this case in the amount of $420.00.   The Court declines to award costs in this action.

### 3. Injunctive Relief

Rule 65 requires that an injunction shall be "specific in its terms" and shall "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed.R.Civ.P 65(d).

Plaintiffs submitted a proposed Default Judgment, which contains the following language regarding an injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> [List of ten songs from Exhibit A of Complaint]
>
> and in any other sound recording, whether now in existence or later created, that is

owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

The above language is specific and detailed enough to satisfy Rule 65(d). In addition, although the injunction requested extends to future works, the Sixth Circuit has ruled that injunctive relief can extend to future works. *Princeton Univ. Press v. Michigan Document Svs, Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996)("[D]efendants argued that the district court exceeded its powers by enjoining them from reproduction of future copyrighted works. We do not find the argument persuasive. The weight of authority supports the extension of injunctive relief to future works.")

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Application for entry of default judgment and will enter the proposed default judgment submitted by Plaintiffs.

**IT IS SO ORDERED.**

                                       s/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated: July 20, 2007

I hereby certify that on July 20, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and by U. S. Mail upon:

Peggy Snow
171 Charbridge Arbor
Lapeer, MI 48446

                                       s/ J Hernandez
                                       Deputy Clerk